*E-FILED - 7/11/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELIAS HERNANDEZ-MORALES, | ) | No. C 08-1999 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Plaintiff, a prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the United States of America. Plaintiff is currently incarcerated at a medical center for federal prisoners in Springfield, Missouri. In his complaint, plaintiff requests that this court send money and a letter to "Washington" so that plaintiff can get help from the "Public Attorney," and requests what happened to his "papers of I.N.S.". The court will dismiss the instant complaint as plaintiff fails to allege a cognizable claim under § 1983.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

1 dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief
2 may be granted, or seek monetary relief from a defendant who is immune from such
3 relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.
4 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A claim that is totally
5 incomprehensible may be dismissed as frivolous as it is without an arguable basis in law.
6 Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989). To state a claim under 42 U.S.C.
7 § 1983, a plaintiff must allege that a person acting under the color of state law committed
8 a violation of a right secured by the Constitution or laws of the United States. West v.
9 Atkins, 487 U.S. 42, 48 (1988).

10 B.    Plaintiff's Claim

11    Plaintiff's complaint requests that this court send money and a letter to
12 "Washington" so that he can secure the help of a "Public Attorney." He also asks what
13 happened to his "papers of I.N.S." Plaintiff fails to allege a cognizable claim under §
14 1983, specifically (1) that a right secured by the Constitution or laws of the United States
15 was violated, and (2) that the violation was committed by a person acting under the color
16 of state law. See West, 487 U.S. at 48. Additionally, this court cannot send money or a
17 letter on plaintiff's behalf. If plaintiff would like to know the status of any papers he sent
18 to the I.N.S., which is now called the Bureau of Immigration and Customs Enforcement,
19 he must direct such an inquiry directly to that agency, and not to this court. IF plaintiff
20 would like to know the status of any case in this court, he may send a letter to the Clerk
21 requesting a docket sheet, and include the case number(s) of the case(s) about which he
22 wishes to inquire.
23 //
24 //
25
26
27
28

Order of Dismissal
P:\pro-se\sj.rmw\cr.08\Hernandez999dis

**CONCLUSION**

The instant complaint is hereby DISMISSED for failure to state a cognizable claim for relief under § 1983.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 7/7/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
P:\pro-se\sj.rmw\cr.08\Hernandez999dis